Scott Ortiz, Wyo. Bar #5-5322
Will E. Reese, Wyo. Bar #7-4898
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone:     (307) 265-0700
Facsimile:     (307) 266-2306
Email:         sortiz@wpdn.net
               wreese@wpdn.net

FILED



9:44 pm, 8/24/23

**Margaret Botkins**
**Clerk of Court**



MAR 0 6 2023



JANET K. MONTGOMERY
CLERK OF DISTRICT COURT
PINEDALE, WYOMING
BY ___

## IN THE DISTRICT COURT NINTH JUDICIAL DISTRICT

## STATE OF WYOMING, COUNTY OF SUBLETTE

| | |
|---|---|
| KEMMERER LABARGE ROYALTIES, LLC, a Wyoming Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DENVER-LABARGE OIL AND GAS COMPANY, A Colorado Corporation, AND ANY OTHER UNKNOWN CLAIMANTS TO DENVER-LABARGE OIL AND GAS COMPANY INTERESTS,<br><br>Defendants. | Civil Action No. 2023-CV-8979<br><br>21-CV-150-J |

### COMPLAINT FOR DECLARATORY JUDGMENT AND QUIET TITLE

**COMES NOW** Kemmerer LaBarge Royalties, LLC (hereinafter referred to as "Plaintiff" or "Kemmerer LaBarge"), by and through undersigned counsel of WILLIAMS, PORTER, DAY & NEVILLE, P.C., pursuant to the provisions of WYO. STAT. § 1-37-102 (LexisNexis 2018) and W.R.C.P. Rule 57, and for its *Complaint for Declaratory Judgment and Quiet Title* against the Defendants, seeking the quieting of title in its name in and to certain real property situate within Sublette County, Wyoming, more particularly described hereinafter, hereby states, pleads, and alleges as follows:

## INTRODUCTION:

1. The real property at issue are certain Overriding Royalty interests ("Subject Interest") in the land particularly described as:

Township 27 North, Range 113 West, 6th P.M.
Section 17: All
Section 20: E1/2

"Subject Lands", located in Sublette County, Wyoming.

The overriding royalty interests burden USA oil and gas leases E-09561-A and E-09561-B. These interests are due a portion of the production revenues from the North LaBarge Shallow Unit, the North LaBarge Deep Unit and certain Non-Unit or Lease wells as shown on **Exhibit 1** (described on Central LaBarge Royalty Company sheet—Denver-LaBarge has the same interests).

Exhibit 1 was created by the then-majority shareholders of Central LaBarge as part of their disclosures to the purchasers of their shares in five companies. Those five companies whose oil and gas interests are set forth on Exhibit 1 were after purchase of the majority shareholders interests in the five companies merged into Kemmerer-LaBarge Royalties LLC—the Plaintiff (see **Exhibit 2** attached hereto).

## PARTIES:

2. Plaintiff hereby incorporates by reference all statements and allegations contained in paragraph 1 above.

3. The Defendant, Denver-LaBarge Oil and Gas Company ("Denver-LaBarge"), upon information and belief was a Colorado company.

4. Plaintiff is a Wyoming limited liability company. Plaintiff merged the companies and their interests, including the Subject Interests, into Plaintiff the surviving entity.

5. All of the companies and trusts merged into Plaintiff had the address of Box 391

Kemmerer, Wyoming 83101 as shown by Exhibit 2. Attached is **Exhibit 3** from the Wyoming State Treasurer's office showing the address used early on by the operator of the Subject Interests when reporting unclaimed property for Denver-LaBarge was Box 391 Kemmerer, Wyoming 83101. This Box was closed shortly after the merger of the three companies and two trusts into the Plaintiff by the Plaintiff. It was shortly after that time that the operator began to send the production proceeds attributable to the Subject Interests to the Wyoming Unclaimed Property Division.

6.   Plaintiff retained a professional landman, Thomas Boyd, to review the Sublette County records for any documents concerning Denver-LaBarge. The documents he found and his affidavit are attached as **Exhibit 4**. These show that after an Agreement and an Assignment dated in 1924 but recorded in 1928 in Book 2 of Miscellaneous at Pages 278 and 279 there are no more documents of record in Sublette County Clerk's records concerning Denver-LaBarge *(see Exhibits E and F to Affidavit of Thomas Boyd)*. The two documents in Exhibit 4 reference the lands noted above. As shown by **Exhibit 5**, the Colorado Secretary of State's office has no present record of Denver-LaBarge. Plaintiff was advised by that office it would do a search of its archives but that might not occur for several years, if it was ever done. A document obtained from the Bureau of Land Management's lease file in Cheyenne, Wyoming states that Denver-LaBarge "was declared defunct on October 15, 1934". See **Exhibit 6**.

7.   Plaintiff seeks a Declaratory Judgment from this Court interpreting the documents affecting title or quieting title to the Subject Interests situate within Sublette County, Wyoming.

8.   Predicated upon the preceding, this Court acquires *in personam* and subject matter jurisdiction over all parties and issues relating to the claims of the Plaintiff.

## **JURISDICTION**

9.   Plaintiff hereby incorporate by reference all statements and allegations contained

in paragraphs 1 through 8 above.

10. Plaintiff brings this action for this Court's declaration as to the legal rights, status and legal relations between the Plaintiff, as it pertains to the Subject Interest located in Sublette County, Wyoming and the Defendants.

11. Plaintiff brings this action in order to quiet title to the Subject Interest located in Sublette County, Wyoming and to seek a declaration that Plaintiff owns the Subject Interest.

12. The Defendant, Denver-LaBarge Oil and Gas Company, has sufficient minimal contacts in the State of Wyoming in order to establish personal jurisdiction. Therefore, this Court has personal jurisdiction over this Defendant.

13. Jurisdiction in this Court is proper pursuant to WYO. STAT. ANN. § 1-37-103 (LexisNexis 2018), as "any person interested under a deed, will written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute, municipal ordinance, contract or franchise, may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations."

14. Jurisdiction in this Court is proper pursuant to WYO. STAT. ANN. § 1-32-201 (LexisNexis 2018) and WYO. STAT. ANN. § 1-37-102 (LexisNexis 2018).

15. Venue is this Court is proper pursuant to WYO. STAT. ANN. § 1-5-101 (LexisNexis 2018) as the Subject Royalty subject to this *Complaint for Declaratory Judgment and Quiet Title* is situated in Sublette County, Wyoming.

## BASIS OF THE COMPLAINT

16. Plaintiff hereby incorporates by reference all statements and allegations contained in paragraphs 1 through 15 above.

17. The Subject Interest at issue in this matter is situate within Sublette County, Wyoming, and is particularly described in Paragraph 1 above.

18. The Subject Interests became the property of the owners of the original companies acquired by Kemmerer-Labarge, as Denver-LaBarge ceased to exist.

19. Central LaBarge is the successor to Denver-LaBarge through an unknown purchase or acquisition process.

20. Although unlikely, the Defendants may attempt to claim some right, title, or interest in the Subject Interest, which claim is adverse to Plaintiffs, and which claim would be without foundation.

## CLAIM FOR DECLARATORY JUDGMENT – OWNERSHIP OF MINERALS

21. Plaintiffs hereby incorporate by reference all statements and allegations contained in paragraphs 1 through 20 above.

22. A justiciable controversy exists, as it is the position of Plaintiff that it is the rightful, legal, and equitable owner of the described Subject Interest, in Paragraph 1, as a result of mesne unknown conveyances.

23. The Defendants are the appropriate parties in interest in this dispute arising from their possible adverse claim to mineral rights to, in and under the Subject Interest situated in Sublette County, Wyoming.

24. Plaintiff seeks a declaratory judgment extinguishing any and all right, title, and interest, legal and equitable, that the Defendants might claim and finding that the Plaintiff is the owner of the Subject Interest, situated in Sublette County, Wyoming.

## CLAIM FOR QUIET TITLE

25. Plaintiff hereby incorporates by reference all statements and allegations contained

in paragraphs 1 through 24 above.

26. Although unlikely, the Defendants may assert an adverse claim to the Subject Interest owned by the Plaintiff.

27. The Subject Interest is a proper subject for a quiet title action. Plaintiff claims exclusive title to the Subject Interest, in Paragraph 1, situated in Sublette County, Wyoming.

**WHEREFORE**, Plaintiff respectfully seeks from the Court a Declaratory Judgment finding that Defendants, including all persons or entities who might claim an interest in the Subject Interests, are precluded from claiming any right, title, and interest, as well as any possessory rights in and to the Subject Interest and finding that Plaintiff is the lawful owner thereof; ordering the Declaratory Judgement be entered in the records of Sublette County, State of Wyoming; issue a decree quieting title of the Subject Interest in the Plaintiff and determining none of the Defendants or any other persons or entities own any interest in the Subject Interest; issue a decree ordering all monies currently held by the State of Wyoming constituting past royalty payments to Denver-LaBarge Oil and Gas Company be immediately disbursed to Plaintiff in this case, and awarding such further and additional relief as the Court deems just and proper.

**DATED** this 28th day of February 2023.

KEMMERER-LABARGE ROYALTIES, LLC

_____
Scott Ortiz, Wyo. Bar #5-5322
Will E. Reese, Wyo. Bar #7-4898
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-0700
Telephone:   (307) 265-0700
Facsimile:   (307) 266-2306
Email:       sortiz@wpdn.net
             wreese@wpdn.net