IN THE UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

| | | |
|---|---|---|
| KEMMERER LABARGE ROYALTIES, LLC, a Wyoming Limited Liability Company, | § | |
| Plaintiff | § | Civil Action No. 23-cv-150 |
| vs. | § | |
| DENVER-LABARGE OIL AND GAS COMPANY, a Colorado Corporation, AND ANY OTHER UNKNOWN CLAIMANTS TO DENVER-LABARGE OIL AND GAS COMPANY INTERESTS, | § | |
| Defendants | § | |

**DEFENDANT CALMONICA PETROLEUM CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND QUIET TITLE**

Pursuant to F.R.C.P. 81(c), Defendant Calmonica Petroleum Corporation (Defendant or Calmonica) files this Original Answer to Plaintiff's Complaint for Declaratory Judgment and Quiet Title (hereinafter referred to as "Complaint").

## DEFENDANT'S ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to allegations in each corresponding paragraph as follows:

## I. INTRODUCTION

1. Defendant admits that this action involves the described real property as stated in Paragraph 1. Defendant further admits that overriding royalty interests burden the oil and gas leases denominated as "E-09561-A and E-09561-B." Defendant denies that Plaintiff's exhibit accurately reflects the interests for the overriding royalty interests in for those leases. The proper allocation of the overriding royalty interests is reflected in the property records as exemplified in Defendants' Motion for New Trial and Motion for

Relief from Judgment (Motion to Vacate) p.8-9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that the Exhibit attached to Plaintiff's complaint was created by "the then-majority shareholders of Central LaBarge as part of their disclosures to the purchasers of their shares in five companies." *See* Plaintiff's Complaint, p.2 ¶1. Defendant further lacks knowledge or information sufficient to form a belief about the truth of the allegations that "those five companies whose oil and gas interests are set forth on Exhibit 1 were after purchase of the majority shareholders interest in the five companies merged into Kemmerer-LaBarge Royalties LLC." *See id.*

## II. PARTIES

2. Paragraph 2 is not a statement which requires an admission or denial.

3. On information and belief Defendant admits that Denver-LaBarge Oil and Gas Company was a Colorado company.

4. On information and belief Defendant admits that Plaintiff is a Wyoming limited liability company.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that "Plaintiff merged the companies and their interests, including the Subject Interests, into Plaintiff the surviving entity." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that "all of the companies and trusts merged into Plaintiff had the address of Box 391 Kemmerer, Wyoming 83101 as shown by Exhibit 2." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that Exhibit 3 is from the Wyoming State Treasurer's office or whether it shows the address used early on by the operator of the Subject Interests when reporting unclaimed property for

Denver-LaBarge was Box 391 Kemmerer, Wyoming 83101. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that this "Box was closed shortly after the merger of the three companies and two trusts into the Plaintiff by the Plaintiff." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that "it was shortly after that time that the operator began to send the production proceeds attributable to the Subject Interests to the Wyoming Unclaimed Property Division."

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that "Plaintiff retained a professional landman, Thomas Boyd, to review the Sublette County records for any documents concerning Denver-LaBarge." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that "the documents he found and his affidavit are attached as [Plaintiff's] Exhibit 4." Defendant denies that these documents show that after an Agreement and an Assignment dated in 1924 but recorded in 1928 in Book 2 of Miscellaneous at Pages 278 and 279 ***there are no more documents of record in Sublette County Clerk's records concerning Denver-LaBarge***. This is directly contradicted by the property records in Defendants' Motion which describe with detail the override interests for not only Denver-LaBarge, but also all of the other entities with an override interest which burden the aforementioned leases including Defendant Calmonica. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that "the two documents in Exhibit 4 reference the lands noted above." Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that Exhibit 5 shows that the Colorado Secretary of State's office has no present record of Denver-LaBarge. Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations that "Plaintiff was advised by that office it would do a search of its archives but that might not occur for several years, if it was ever done. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations whether a "document [was] obtained from the Bureau of Land Management's lease file in Cheyenne, Wyoming" as stated in paragraph 6. Defendant admits that the document does appear to reflect that Denver-LaBarge "was declared defunct on October 15, 1934."

7. Defendant admits that from its pleadings, "Plaintiff seeks a Declaratory Judgment from this Court interpreting the documents affecting title or quieting title to the Subject Interests situate within Sublette County, Wyoming."

8. Defendant denies that "predicated upon the preceding, this Court acquired *in personam* and subject matter jurisdiction over all parties and issues relating to the claims of the Plaintiff." Plaintiff's service by publication was defective as it failed to comport with the minimum due process requirements of *inter alia* the United States Constitution. Notice must be "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988). Plaintiff failed to diligently search for Defendants. Had Plaintiff diligently searched the Property records which record the interests at issue, it would have found every entity with an override interest in the oil and gas leases denominated above, including Calmonica a Delaware corporation.

## III. JURISDICTION

9. Paragraph 9 is not a statement which requires an admission or denial.

10. Paragraph 10 does not appear to be a statement which requires an admission or denial. This Court has jurisdiction under 28 U.S.C. 1332.

11. Defendant admits that Plaintiff is attempting to quiet title to the Subject Interest located in Sublette County, Wyoming and seeks a declaration that Plaintiff owns the Subject Interest. Defendant denies that Plaintiff has any lawful right to make such a claim.

12. Absent the deficiencies with Plaintiff's service by publication, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations whether "Defendant, Denver-LaBarge Oil and Gas Company, has sufficient minimal contacts in the State of Wyoming in order to establish personal jurisdiction. Therefore, this Court has personal jurisdiction over this Defendant."

13. Defendant admits that the state court had jurisdiction under Wyo. Stat. Ann. § 1-37-103.

14. Defendant admits that the state court had jurisdiction under Wyo. Stat. Ann. § 1-37-103 and Wyo. Stat. Ann. § 1-32-201.

15. Defendant admits that venue is proper in Sublette County, Wyoming.

## IV. BASIS OF THE COMPLAINT

16. Paragraph 16 is not a statement that requires an admission or denial.

17. Defendant admits that "the Subject Interest at issue in this matter is situate within Sublette County, Wyoming, and is particularly described in Paragraph 1 above."

18. Defendant denies that "the Subject Interests became the property of the owners of the original companies acquired by Kemmerer-LaBarge, as Denver-LaBarge ceased to exist."

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations whether Central LaBarge is the successor to Denver-LaBarge through an unknown purchase or acquisition process.

20. Paragraph 20 does not appear to be a statement that requires an admission or denial. If required, Defendant admits that its claim may be adverse to Plaintiff's claim.

## V. CLAIM FOR DECLARATORY JUDGMENT – OWNERSHIP OF MINERALS

21. Paragraph 21 is not a statement that requires an admission or denial.

22. Defendant admits that a justiciable controversy exists. Defendant denies that Plaintiff is the rightful, legal, and equitable owner of the described Subject Interest, in Paragraph 1, as a result of "mesne" [sic] unknown conveyances.

23. Defendant denies that as styled the Defendants are the appropriate parties in interest in this dispute as Denver-LaBarge is a defunct company and therefore not a proper party. Defendant admits that a properly named Defendant's interest would arise from a possible adverse claim to mineral rights to, in and under the Subject Interest situated in Sublette County, Wyoming.

24. Defendant admits that Plaintiff seeks a declaratory judgment extinguishing any and all right, title, and interest, legal and equitable, that a Defendant might claim and finding that the Plaintiff is the owner of the Subject Interest, situated in Sublette County, Wyoming. Defendant denies that Plaintiff is the rightful, legal, and equitable owner of the described Subject Interest.

## VI. CLAIM FOR QUIET TITLE

25. Paragraph 25 is not a statement that requires an admission or denial.

26. Paragraph 26 does not appear to be a statement that requires an admission or denial. If required, Defendant admits that its claim may be adverse to Plaintiff's claim.

27. Defendant admits that the Subject Interest is a proper subject for a quiet title action. Defendant admits that Plaintiff claims exclusive title to the Subject Interest, in Paragraph 1, situated in Sublette County, Wyoming.

28. Defendant denies that Plaintiff is entitled to any relief sought.

## VII. DEFENSES AND COUNTERCLAIM

29. Defendant generally denies Plaintiff's allegations that it is the rightful owner of the property it claims.

30. Defendant objects to Plaintiff's service by publication as being constitutionally inadequate and concurrently with this answer files a motion under F.R.C.P. 12(b)(4).

31. Defendant asserts a counterclaim under Wyo. Stat. Ann. § 1-37-103 and Wyo. Stat. Ann. § 1-32-201 to quiet title to its interest in the Subject Lands.

32. Defendant Calmonica Petroleum Corporation holds an override royalty interest as described in these recorded property records. **Exhibit 1**.

33. Plaintiff's requested relief which was granted in the state court's default judgment, as worded creates a possible cloud on Calmonica's property as Plaintiff seeks a blanket 2.5% override interest in areas in which Denver-LaBarge only has a 5/8 of 1% override interest. **Exhibit 1**.

34. This possible diminution in value of the interest itself or the amount override payments creates a possible cloud not just on Calmonica's property but on all entities listed which have an override interest in the Subject Lands.

35. Because Calmonica has a valid override royalty interest in the Subject Lands, pursuant to its diversity jurisdiction this Court should issue a declaration to that effect and quiet title from any adverse interest claimed by Plaintiff.

**PRAYER AND CONCLUSION**

For the forgoing reasons, Defendant Calmonica Petroleum Corporation requests that the court issue a take nothing judgment for Plaintiff, issue a declaration that Calmonica has a valid override royalty interest in the Subject Lands as described in publicly recorded instruments, and quiet title from any adverse interest claimed by Plaintiff. Calmonica further prays for any other relief to which it is entitled to.

Respectfully submitted,

*/s/ Joshua Eames-Cepero*

Joshua Eames-Cepero
Texas Bar No. 24109826
jeames@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**ATTORNEYS FOR DEFENDANTS, REMNANT ASSETS, LLC AS SUCCESSOR-IN-INTEREST TO DENVER-LABARGE OIL AND GAS COMPANY, A COLORADO CORPORATION AND CALMONICA PETROLEUM CORPORATION, A DELAWARE COMPANY**

*/s/ Dale Aronson*
Dale Aronson
Wyoming Bar No. 6-2681
P.O. Box 1418
Pinedale, Wyoming 82941
307-367-2610
307-367-7300—Facsimile
daronson@wyoming.com
**ATTORNEY FOR DEFENDANTS, REMNANT ASSETS, LLC AS SUCCESSOR-IN-INTEREST TO DENVER-LABARGE OIL AND GAS COMPANY, A COLORADO CORPORATION AND CALMONICA PETROLEUM CORPORATION, A DELAWARE COMPANY**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Defendant Calmonica Petroleum Corporation's Answer to Plaintiff's Complain for Declaratory Judgment and Quiet Title has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on August 31, 2023, as follows:

| **Method of Service** | **Party(ies)** | **Counsel** |
|---|---|---|
| Electronic | Plaintiff | Scott Ortiz<br>Will E. Reese<br>Williams Porter, Day & Neville P.C.<br>P.O. Box 10700<br>Casper, WY 82602-0700<br>307-265-0700<br>307-266-2306—Facsimile<br>sortiz@wpdn.net<br>wreese@wpdn.net |

*/s/ Joshua Eames-Cepero*
Joshua Eames-Cepero



E-09561 A
E-09561 B

RECORDED December 20 1962 9:00AM
IN BOOK 35 Oil & Gas Page 188
FEES $ 2.00 County Clerk
SUBLETTE COUNTY PINEDALE, Wyoming

80872

RECEIPT AND RELEASE

WHEREAS, by an instrument dated the 25th day of April, 1939, between CALMONICA PETROLEUM CORPORATION, "Lessee", and NORTH LABARGE OIL COMPANY, "Operator", the North LaBarge Oil Company as "Operator" became obligated to pay to Calmonica Petroleum Corporation two and one-half percent (2-1/2%) of the value of production of oil or gas produced, saved and sold from the following described lands:

> The Northeast Quarter (NE1/4) and East Half of the Northwest Quarter (E1/2NW1/4) of Section Seventeen (17), Township Twenty-seven (27) North, Range One Hundred Thirteen (113) West, of the Sixth Principal Meridian, containing two hundred forty (240) acres, situated in Sublette County, Wyoming;

and

> The West Half of the Northwest Quarter (W1/2NW1/4) of Section Seventeen (17), Township Twenty-seven (27) North, Range One Hundred Thirteen (113) West of the Sixth Principal Meridian, containing Eighty (80) acres, situated in Sublette County, Wyoming;

(or allocated thereto under the terms of North LaBarge Unit agreement) until the gross sum of $75,000.00 has been paid to "Lessee"; and

WHEREAS, by an agreement dated the 11th day of October, 1939, by and between Calmonica Petroleum Corporation, as the first party, Steven and Veda Grinch, doing business as Oreana Refining Company, as the second party, and North LaBarge Oil Company as the third party; Calcomonica Petroleum Corporation did assign and set over to the Midvale Oil Corporation one and one-half percent (1-1/2%) out of the two and one-half percent (2-1/2%) reservation referred to in paragraph 1 above, until the sum of $12,000.00 had been paid; and

WHEREAS, Western Oil Refining Company and Belco Petroleum Corporation have by means conveyances succeeded to the operating interest of the North LaBarge Oil Company in and to the oil and gas operating rights conveyed by the agreement of April 25, 1939, referred to in paragraph 1 above; and

WHEREAS, Western Oil Refining Company and Belco Petroleum

2.00



EXHIBIT 1 exhibitsticker.com





| | | |
|---|---|---|
| (a) | Lease dated : | June 30, 1932 |
| | Lease expires: | Entire lease extended for the life of the Unit Area (see decision 12/19/52) |
| | Rental due : | June 30, deductible from royalties. |
| (b) | Lease dated : | April 23, 1935 |
| | Lease expires: | April 22, 1955, subject to being converted to a single 5 year lease, or extended as is for successive 10 year periods. |

1. 09561 (a):
T. 27 N., R. 113 W., 6th P.M., Wyoming:
Sec. 17: NE/4, E/2 NW/4
containing 240 acres, more or less, all of said lands being subject to the following oil payments and royalties heretofore reserved:

| | |
|---|---|
| Western Slope Oil and Refining Company | 3-1/3% |
| Calmonica Petroleum Corp. | 3-1/3% |
| K-A-H-L Oil and Refining Syndicate | 7/8 of 1% |
| Denver-LaBarge Oil and Gas Company | 5/8 of 1% |
| Central LaBarge Royalties | 2-1/2% |
| Clara Hanaford | 1/8 of 1% |
| Doris Dale Young Chaffin | 1/8 of 1% |
| Elizabeth A. Young Ryan | 1/8 of 1% |
| Nina L. Young | 3/8 of 1% |

This area together with all other lands herein described is subject to an oil payment totaling $75,000.00, payable out of 2-1/2% of the production to the Calmonica Petroleum Corporation, or its assignees, i.e., Oreana Refining Company and Midvale Oil Corporation, which oil payment has been reduced by payments duly made from all production heretofore obtained on said lands.

2. 09561 (b)
This area is not included in the North La Barge Unit Area.
T. 27 N., R. 113 W., 6th P.M., Wyoming:
Sec. 17: W/2 NW/4
containing 80 acres, more or less, said land being subject to the following oil payments and royalties heretofore reserved:

| | |
|---|---|
| Calmonica Petroleum Corp. | 1% |
| Western Slope Oil and Refining Company | 1% |
| Central La Barge Royalties | 3/4 of 1% |
| Clara Hanaford | 1/12 of 1% |
| Doris Dale Young Chaffin | 1/12 of 1% |
| Elizabeth A. Young Ryan | 1/12 of 1% |
| Nina L. Young | 1/4 of 1% |
| Denver-La Barge Oil and Gas Company | 1/4 of 1% |
| K-A-H-L Oil and Refining Snydicate | 1/4 of 1% |

3. 07671 (a):

T. 27 N., R. 113 W., 6th P.M., Wyoming:
Section 8: N/2 SE/4
said land being subject to the following oil payments and royalties heretofore reserved:

| | |
|---|---|
| Wyoming LaBarge and Dry Piney Oil Corporation | 4% |
| Emily C. Willey | 2/3 of 1% |
| Emerson C. Willey | 8/30 of 1% |
| Mary Price Willey | 2/3 of 1% |
| O. P. Soule | 4/10 of 1% |
| Joseph A. Minton, as Assignee of A. L. Hawkins | 1% |
| Susan J. Quealy | 1/2 of 1% |
| Midvale Oil Corporation | 2-1/2% |

This area, together with other lands herein described, is subject to an oil payment totaling $25,000.00, payable out of 1-1/2% of the production in the following amounts and proportions to the heirs, successors or assigns of Harry K. Smith and Edith A. Smith:

| | Proportion | Total |
|---|---|---|
| Ruby Knutson | 1/2 | $12,500 |
| Sadie Smith | 1/2 | $12,500 |

which oil payment has been reduced by payments duly made from all production heretofore obtained on said lands.

4. T. 27 N., R. 113 W., 6th P.M., Wyoming:

Section 8: S/2 SE/4
said land being subject to the following royalties heretofore reserved:

| | |
|---|---|
| Wyoming La Barge and Dry Piney Oil Corporation | 4% |
| Emily C. Willey | 2/3 of 1% |
| Emerson C. Willey | 8/30 of 1% |
| Mary Price Willey | 2/3 of 1% |
| O. P. Soule | 4/10 of 1% |
| Jospeh A. Minton, as Assignee of A. L. Hawkins | 1% |
| Susan J. Quealy | 1/2 of 1% |
| Midvale Oil Corporation | 2-1/2% |

Lease Evanston 07671(a) and Lease Evanston 07671(b) contain 640 acres more or less.

C. Evanston 09561(a) and Evanston 09561(b) by and through an Operating Agreement from Calmonica Petroleum Corporation to North La Barge Oil Company dated April 25, 1939, covering the following described lands: