

FILED

9:41 am, 8/7/24

Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KEMMERER LABARGE ROYALTIES LLC, a Wyoming Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>REMNANT ASSETS, LLC, as successor-in-interest to Denver-LaBarge Oil and Gas Company, CALMONICA PETROLEUM CORPORATION, a Delaware Company, and any other unknown claimants to Denver-LaBarge Oil and Gas,<br><br>Defendants. | Case No. 2:23-CV-00150-ABJ |

**ORDER REMANDING ACTION TO THE NINTH JUDICIAL DISTRICT COURT FOR THE STATE OF WYOMING**

**THIS MATTER** is before the Court on Remnant Assets, LLC and Calmonica Petroleum Corporation's (collectively "Defendants") *Brief on Jurisdictional Findings* ("*Brief*"). ECF No. 57. After reviewing the *Brief*, the subsequent response from Kemmerer Labarge Royalties, LLC ("Kemmerer" or "Plaintiff"), and Defendants' reply, we find Defendants have not met their burden on the issue of jurisdiction by a preponderance of the evidence and fail to show why they are legally entitled to further jurisdictional discovery. Therefore, this case shall be **REMANDED** to the Ninth Judicial District Court for the State of Wyoming for further proceedings.

1

## BACKGROUND[1]

Defendants removed this action from state court invoking diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1 at 2. Subsequently, after a cursory review of the parties' Rule 7.1(a)(2) disclosure statements, the Court raised, *sua sponte*, the issue of subject matter jurisdiction based on a perceived lack of complete diversity of citizenship. *See* ECF No. 46.[2] In our *Order to Show Cause*, we asked Defendants to clarify this discrepancy. *Id.* Defendants subsequently requested leave to conduct limited jurisdictional discovery, which the Court granted. ECF No. 48. This jurisdictional discovery culminated in Defendants' *Brief* and the subsequent responses. ECF No. 57; ECF No. 62; ECF No. 65.

The crux of Defendants' argument is that Kemmerer's emergence as an LLC was "void *ab initio*"[3] due to several errors in a five-entity merger[4] that occurred in 1999. *See* ECF No. 57 at 1. This, they argue, means that Lyndon A. Yose ("Mr. Yose") and Mary Jefson Smith ("Ms. Smith") (the two members of Kemmerer that defeat complete diversity) would no longer be members and their citizenship could be ignored for purposes of diversity of citizenship. *Id.* at 11–12. Because such an issue has never been decided by the

---

[1] As the parties are undoubtedly familiar with the circumstances of this case, the Court will only recount information necessary to the disposition of this subject matter jurisdiction dispute.

[2] *See* ECF No. 46 at 5–6 (noting that a Texan was on both sides of the "v" in the litigation thereby raising the issue of complete diversity).

[3] *See Ab initio*, BLACK'S LAW DICTIONARY (12th ed. 2024).

[4] ECF No. 57 at 3 ("Based on the documents provided by Plaintiff, it appears that in 1999, Robert W. Miracle, Marvin A. Keller and Morris R. Massey attempted to legally create Kemmerer LaBarge Royalties, LLC by merging five (5) entitles which included three (3) Wyoming Corporations (First Chance Oil Company, LaBarge Oil Company, and Kemmerer—LaBarge Oil Company) and two (2) 'common law business trusts' (Central LaBarge Royalties and LaBarge Royalties Syndicate).").

Wyoming Supreme Court, Defendants request we make an *Erie* guess as to how that court would rule. *Id.* at 8–9.

## LEGAL STANDARD

Federal courts are, of course, courts of limited jurisdiction, constrained to adjudicate expressly authorized causes of action. Simply put, a federal court lacking subject matter jurisdiction is a nullity. *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1022 (10th Cir. 2012) ("Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts."). What's more, federal courts have an independent obligation to adjudge "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If a state-filed civil action meets the requirements for original federal jurisdiction, the defendant may remove the case to federal court. 28 U.S.C. § 1441(a). *Firstenberg*, 696 F.3d at 1023 (quoting *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) ("A case originally filed in state court may be removed to federal court if, but only if, federal subject-matter jurisdiction would exist over the claim." (internal quotation marks omitted)). The basic requirements of removal based on diversity of citizenship are: (1) Complete diversity of citizenship; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a); *e.g., Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004) ("To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must

3

show that complete diversity of citizenship exists between the parties...."). If *any* plaintiff shares citizenship with *any* defendant, then complete diversity is lacking.[5]

If the suit is initiated in federal court on diversity of citizenship grounds, diversity is determined at the time of filing—not when the action arose nor at the time of judgment. However, if an action is filed in state court and then removed to federal court, diversity must exist at the time the original action was filed and at the time the removal petition is filed with the federal court. *See, e.g., United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square*, 30 F.3d 298, 301 (2d Cir. 1994) (citing 14A Wright & Miller § 3723, at 311–12 (noting that if a case is removed there must be complete diversity when the action if first filed and when removal is sought).

An individual's citizenship is determined by where they are domiciled, but business entities have different standards. Corporations, for instance, can have two citizenships; under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporation and of the State or foreign state where it has its principal place of business." As the Supreme Court stressed in *Hertz Corp. v. Friend*, the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of appeals have called the corporation's 'nerve center.'" 559 U.S. 77, 92–93 (2010). "And in practice it should normally be the place where the corporation maintains its headquarters...." *Id.*; *see also*

---

[5] *See* Jim Wagstaffe and the Wagstaffe Group, *Diversity Jurisdiction: Pleading and Challenging Diversity Jurisdiction (Federal)* ("In diversity cases, all plaintiffs must be citizens of different states than *all* defendants."); *see, e.g.*, ERWIN CHEMERINSKY, FEDERAL JURISDICTION 294 (4th ed. 2003) ("[N]o plaintiff can be a citizen of the same state of any of the defendants.").

4

*Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 379 (2016) ("While humans and corporations can assert their own citizenship, other entities take the citizenship of their members.").

A limited liability company's citizenship is determined by the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) [hereinafter *Siloam*]; *see also Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Hicklin Eng'g L.C. v. Bartell*, 439 F.3d 346, 347–48 (7th Cir. 2006) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a LLC may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.")). This means each member of an LLC has the potential to destroy complete diversity. *See Siloam*, 781 F.3d at 1234 (noting that even one member—or even a member of a member—could sever complete diversity).[6]

## DISCUSSION

At the outset, we note that the party invoking jurisdiction bears the burden of establishing its existence, and because federal courts are courts of limited jurisdiction, there is an initial presumption that jurisdiction is wanting. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Wilshire Oil Co. of Texas v. Riffe*, 409 F.2d 1277

---

[6] *See also Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 (10th Cir. 2021) ("[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010))).

(10th Cir. 1969).[7] Of course, that presumption can be overcome; here, however, Defendants have not met their burden by a preponderance of the evidence and fail to show why they are legally entitled to further jurisdictional discovery. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence." (citation omitted)). Therefore, this case must be remanded to state court.

## I. Defendants have not shown by a preponderance of the evidence that the parties are diverse.

Defendants ask the Court to determine whether a merger that occurred approximately 25 years ago was proper. ECF No. 57. The idea being that if the merger was improper, the Texan members of Kemmerer would no longer count for purposes of diversity of citizenship, and this Court would maintain jurisdiction. *Id.* at 11.[8] Although a unique argument, we tend to agree with the Plaintiff that the "slate of questions" Defendants are asking the Court to resolve—in the hope that complete diversity remains—is well beyond the scope the Court envisioned in granting its limited jurisdictional discovery. *See* ECF No. 62 at 6–7.

First, Defendants argue that under Wyoming Statute § 17-23-201 common law business trusts cannot merge with other business entities. *Id.* at 6. And because two of

---

[7] *Cf. Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").

[8] ECF No. 57 at 11 ("If the merger never occurred, then Plaintiff consists of five entities each of which is diverse from Defendants. Three of the entities are Wyoming corporations and none of the members of the Trusts were citizens of Texas, Tennessee, or Delaware.").

Kemmerer's predecessors were common law business trusts, not statutory trusts, the merger was improper. *Id.* at 8. The problem is that § 17-23-201 does not discuss common law business trusts, it merely discusses statutory trusts. *See* Wyo. Stat. § 17-23-201. As Plaintiff points out, "§ 17-23-201 provides that statutory trusts can merge with other entities; it does not say that common-law (or 'business') trusts cannot." ECF No. 62 at 4 (emphasis omitted).[9] In fact, Defendants point to no statute or caselaw that shows common law business trusts are barred from merging with other business entities under Wyoming law at the time of the merger or today.[10]

Second, Defendants ask the Court to make a series of inferences about the internal voting process as to the Merger Plan—seeking to cast doubt on its validity. Specifically, they ask us to assume that because there is not a comprehensive record of voting by all the trustees or beneficiaries of the merging business trusts, no such vote took place. ECF No. 57 at 8–9. However, Defendants provide no actual support for their theory beyond the speculative, and the record contradicts such a finding. To start, the Articles of Merger state: "*By action* of the Trustees of Central La Barge Royalties and La Barge Royalties Syndicate,

---

[9] *See* Wyo. Stat. 17-23-102(a)(iii) ("'Other business entity' means a corporation, a partnership, a limited partnership, a limited liability company, a common-law trust or any other unincorporated business, excluding a statutory trust....").

[10] *See* Wyo. Stat. § 17-29-1002. ("[A] limited liability company may merge with one (1) or more other constituent organizations."); *see* Wyo. Stat. § 17-29-1001 ("['Organization' includes] a general partnership, including a limited liability partnership, limited partnership, including a limited liability limited partnership, limited liability company, business trust, statutory trust, corporation or any other person having a governing statute.").

7

common law business trusts, these entities are also merged into Kemmerer-La Barge Royalties LLC." ECF No. 48-2 at 4 (emphasis added).[11]

Two other documents, that appear to predate the Articles of Merger, demonstrate at a minimum the knowledge that approval of the trustees was required for the merger to occur. In a letter sent by Robert W. Miracle ("Mr. Miracle") to the business trusts, Mr. Miracle writes, "Pursuant to the authority of the trust indentures...*the trustees of these common business trusts will approve the merger.*" ECF No. 57-1 at 1 (emphasis added). And a subsequent proxy statement noted, "Management recommends approval of the plan of merger and will vote their shares in favor of the plan. Majority approval by the shareholders...is required. *The trustees* of the two common law business trusts, in accordance with the powers vested in them by the trust indentures, *approve the merger.*" *Id.* at 8 (emphasis added). While it is true that no vote count is listed on the Articles of Merger as to the business trusts, this is hardly a smoking gun revealing that no vote took place at all. The opposite scenario (*i.e.*, that a vote took place or some other approval of the merger) is equally if not more likely to have occurred as evidenced by the documents listed above.

The final piece of evidence that the merger was proper is the Certificate of Merger issued by the Wyoming Secretary of State. ECF No. 62-1. As Plaintiff points out, under Wyoming Statute, "if the secretary of state finds that the articles of merger comply with

---

[11] Plaintiff also argues that because the merger was carried out pursuant to Wyo. Stat. § 17-15-140, the "[b]y action" language in the Articles of Merger was sufficient to effectuate the merger by the business trust entities. ECF No. 62 at 4–5. Defendants argue § 17-15-140 was repealed at the time of the merger. ECF No. 57 at 5. However, this is incorrect, for Wyo. Stat. § 17-15-140 was repealed in 2010.

8

the requirements of law… he shall issue a certificate of merger." ECF No. 62 at 6 (quoting Wyo. Stat. § 17-15-141(c)). We agree that the Certificate of Merger further strengthens Kemmerer's claim that the merger was proper, and Defendants' conclusory arguments do little to dissuade us.

In the instant case, we find that the jurisdictional record speaks for itself. Plaintiff has provided evidence that the LLC was properly formed and that Mr. Yose is a legitimate member. ECF No. 62-1; *see* Affidavit of Lyndon A. Yose, ECF No. 50. And Defendants' assertions to the contrary are speculation at best. That is, they have failed to show that it is more likely than not that Kemmerer was improperly merged resulting in this Court's continued jurisdiction. In finding that Defendants have not met their burden as to complete diversity of citizenship, we next turn to whether Defendants are entitled to further jurisdiction discovery.

## II. Defendants are not entitled to further jurisdictional discovery because they have not demonstrated that they will be prejudiced by remand.

In essence, Defendants are asking the Court to expand the parameters of its order granting limited jurisdictional discovery. ECF No. 57 at 1, n.1 (requesting a hearing to make factual determinations about the 1999 merger). While it may be the case that a thorough investigation into the formation of Kemmerer could reveal some discrepancy in its membership and ultimately establish this Court's jurisdiction, Defendants have failed to demonstrate why they are legally entitled to embark down such a rabbit hole. *See Meridian Line, LLC v. Source Substrates, LLC*, Civil Action No. 17-cv-1040-WJM-KHR, 2017 U.S. Dist. LEXIS 234886, at *10 (D. Colo. Nov. 20, 2017) ("[T]he burden of

9

demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial—[is] on the party seeking the discovery." (internal quotation marks omitted) (quoting *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1188–89 (10th Cir. 2010)). Specifically, they fail to show how a remand to state court would prejudice them in their ultimate defense against Kemmerer.[12] *Id.*

## CONCLUSION

Based on the forgoing, we find Defendants failed to meet their showing, by a preponderance, that complete diversity remains intact, and Defendants also failed to show that they are entitled to conduct further jurisdictional discovery. Therefore, **IT IS HEREBY ORDERED** that this case is **REMANDED** to the Ninth Judicial District Court for the State of Wyoming for further proceedings.

Dated this 6th day of ~~July~~ August, 2024.

Alan B. Johnson
United States District Judge

---

[12] *Cf. Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1250 (D. Colo. 2021) ("Here, there is no evidence of prejudice because defendants may make these same arguments and seek to dismiss plaintiff's claims in state court.").